Tim A. Pori (189270)
Law Office of Tim A. Pori
724 Texas Street
Fairfield, CA 94533
707-427-2800
tpori1@gmail.com

EX PARTE AND UNDER SEAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>NAKIE NUNLEY<br><br>      Defendant | Case No.: 4:23−CR−00213−YGR<br><br>REPLY TO RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM |

**NUNLEY RESPONSE TO GOVERNMENT SENTENCING MEMORANDUM**

1. **Introduction**

The Court is not bound by a mechanical application of the Guidelines without regard to an individual defendant's history and characteristics. In *United States v. Booker*, 125 S. Ct. 738, 757 (2005), the Supreme Court abandoned the rigidity of the Guidelines, making the Guidelines advisory only and authorizing judges to consider the full range of relevant considerations in imposing a fair and reasonable sentence. The Sentencing Reform Act, as revised by *Booker*, directs the sentencing court to "impose a sentence sufficient, but not greater than necessary" and permits the court to tailor the sentence in light of other statutory concerns, such as the factors listed in 18 U.S.C. §3553(a).

The various factors under 18 U.S.C. 3553(a) that must be considered by the Court cannot be given equal weight, and must be based upon the unique circumstances of the offense and the history and characteristics of each defendant.

**2. An Upward Departure Is Not Justified**

The Government points to USSG 5K2.0(a)(1)(B) as justification for an Upward Departure, yet fails to take notice of the exact opposite provision that allows for a Downward Departure in sexual offenses under USSG 5K2.0(b). This section provides that the sentencing Court may impose a sentence below the range established by the appliable guidelines, if the Court finds that there exists a mitigating circumstance of a kind, or to a degree has not adequately been taken into consideration by the Sentencing Commission in formulating the guidelines. USSG 5K2.0(b)(2)(3). While a Motion for a Downward Departure has not been made by Defense Counsel, it bears emphasis there are various mitigating circumstances that have been detailed in our Sentencing Memorandum, some of which have been framed as the basis for a Downward Variance (Sentencing Memorandum, Pages 1 through 10) and negate the need for an Upward Departure.

**3. Sentencing Recommendation Based Upon Balancing All of the Factors Under 18 U.S.C. 3553(a)(2)(A)(B)(C)(D)**

As detailed in our Sentencing Memorandum, certain goals of sentencing as to Mr. Nunley have already been achieved, including the need for the sentence to afford adequate deterrence, to protect the public from further crimes, as well as the need for Mr. Nunley to receive correctional treatment in the most effective manner, which has been initiated by Mr. Nunley and is in progress. 18 U.S.C. 3553(a)(2)(B)(C)(D).

While it is acknowledged, as pointed out by the Government, the Court must factor into its decision-making process the sentences of other related case defendants, the Court must also take into consideration the unique circumstances of Mr. Nunley alone, including, for example, his individual circumstances as detailed in our Sentencing Memorandum. By narrowly applying this provision alone, without taking into consideration each defendant's unique history and

REPLY TO RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM - 2

characteristics, the result could actually produce in sentence disparities simply because there are no two defendants who are exactly alike in all respects. For, example, the government does not reveal which of the other defendants, pleaded to an information to avoid traumatizing his victims further and immediately sought and enrolled in sex offender treatment. In Mr. Nunley's case, there are specific mitigating circumstances that exist in his case alone.

It is understood these various needs of sentencing must be balanced against the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. 3553(a)(2)(A). In recognition of these factors and in an effort to balance the many, varied and sometimes competing sentencing considerations, a Downward Variance has not been recommended by Defense Counsel.

Instead, it has been respectfully suggested that a fair and just sentence, incorporating all off the relevant factors regarding the history and characteristics of Mr. Nunley, the nature and circumstances of the offense, and all of the needs of sentencing, can be met simultaneously through the imposition of a sentence at the high end of the Guideline range, 41 months.

Dated: March 22, 2024                                    Respectfully submitted,

                                                              Law Office of Tim A. Pori

                                                              /s/ Tim A. Pori_____
                                                              Tim A. Pori
                                                              Counsel for Defendant Nakie Nunley

REPLY TO RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM - 3